

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ALTERIC HUNT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:18-2179-MGL-KFM |
| | § | |
| BRUCE WILKINS, CHANCE DOOLEY, | § | |
| and DEUCY COLLINS EDWARDS, | § | |
| Defendants. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE WITH PREJUDICE,
WITHOUT LEAVE FOR FURTHER AMENDMENT, AND
WITHOUT LEAVE FOR ISSUANCE AND SERVICE OF PROCESS**

This action arises under 42 U.S.C. § 1983. Plaintiff Alteric Hunt (Hunt) is proceeding pro

se. The matter is before the Court for review of the Report and Recommendation (Report) of the

United States Magistrate Judge suggesting Hunt's suit be dismissed with prejudice, without leave

for further amendment, and without issuance and service of process. The Report was made in

accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 7, 2018, ECF No. 18, and the Clerk filed Hunt's objections on September 14, 2018. The Court has reviewed the objections, but hold them to be without merit. It will therefore enter judgment accordingly.

Hunt failed to file any specific objections to the Report. Instead, he asserts he "would like to file an objection Report and Recommendation," but fails to say anything further except "they are not going to get away with what they done, treating people like this and like they have a right to do this." "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even liberally construing Hunt's objection, there is no specific objection to the Magistrate Judge's Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hunt's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Hunt's case is **DISMISSED WITH PREJUDICE**, without leave for further amendment, and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 22nd day of October 2018 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.